# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANDREE M. DENTLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | NO. 3:18-cv-00093<br><br>JUDGE CAMPBELL |

## MEMORANDUM

Pending before the Court is Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), the Government's Response (Doc. No. 12), Petitioner's Reply (Doc. No. 16), Petitioner's first Supplemental Brief (Doc. No. 22), Petitioner's second Supplemental Brief (Doc. No. 23), and the Government's Response to Petitioner's Supplemental Briefs (Doc. No. 24). The Court held an evidentiary hearing on August 16, 2021. For the reasons stated below, Petitioner's Motion will be denied.

### I.      Petitioner's Criminal Proceedings

In 2015, Petitioner was indicted on a superseding indictment in a multi-defendant case, assigned to now-retired Judge Kevin H. Sharp, for two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Counts 1 and 3), and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts 2 and 4). (Doc. No. 52 in Case No. 3:15-cr-00061).

On August 23, 2016, Petitioner pled guilty to Counts 1, 2, and 3 pursuant to a plea agreement with the Government. (Doc. No. 107 in Case No. 3:15-cr-00061). The plea agreement provided for an agreed sentence of 204 months' imprisonment pursuant to Federal Rule of

Criminal Procedure 11(c)(1)(C). (*Id*. PageID # 220). The Government agreed to dismiss Count 4, which carried a 25-year mandatory minimum sentence. (*Id*. PageID # 208).

On January 26, 2017, Judge Sharp accepted the plea agreement and agreed, at the request of the parties, to a nine-month reduction from the agreed sentence of 204 months to provide Petitioner with credit for the time he spent in state custody. (Doc. No. 187 in Case No. 3:15-cr-00061, Transcript of Sentencing Hearing, PageID # 571). Accordingly, Judge Sharp ultimately imposed the 195-month sentence in Case No. 3:15-cr-00061 as follows: Counts 1 (Hobbs Act robbery) and 3 (Hobbs Act robbery) – 111 months, concurrent with each other; Count 2 (Section 924(c) Brandishing) – 84 months, to run consecutive. (Doc. No. 157 in Case No. 3:15-cr-00061). Prior to announcing the sentence, Judge Sharp determined that Petitioner's guideline range was 121 to 151 months, plus 84 months consecutive, for a total of 205 to 235 months' imprisonment. (Doc. No. 187 in Case No. 3:15-cr-00061, Transcript of Sentencing Hearing, PageID # 569).

Petitioner now seeks to vacate his sentence.

## II. Analysis

### A. Section 2255 Proceedings

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect

or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

### B. Petitioner's Claims

First, Petitioner claims that counsel was ineffective for failing to object to the two-level enhancements under U.S.S.G. § 2B3.1(b)(4)(B) for physical restraint. Second, Petitioner claims that counsel was ineffective for failing to object to the six-level enhancement under U.S.S.G. § 2B3.1(b)(2)(B) for use of a firearm. Third, Petitioner claims that counsel was ineffective for failing to challenge the two-level enhancement under U.S.S.G. § 3C1.2 for obstruction of justice. Fourth, Petitioner claims that counsel was ineffective for failing to object to the addition of two criminal history points under U.S.S.G. § 4A1.1(d). Finally, Petitioner claims that he did not file an appeal due to ineffective assistance of counsel.

### C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the deficiency was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). A court deciding an ineffective assistance claim does not need to address both requirements if the petitioner makes an insufficient showing on one. *Id*. at 697.

1. Application of Sentencing Enhancements

Petitioner's first three arguments for vacatur of his sentence are that his counsel was ineffective for failing to object to the application of certain sentencing enhancements that Petitioner agreed to in his plea agreement. (*See* Doc. No. 107, PageID # 219 in Case No. 3:15-cr-00061). To challenge his attorney's conduct during plea negotiations, the first *Strickland* prong remains the same, but the second prong—the prejudice requirement—requires Petitioner to "show

3

Case 3:18-cv-00093 Document 35 Filed 09/23/21 Page 3 of 7 PageID #: 312

that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence. He must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty." *Short v. United States*, 471 F.3d 686, 692 (6th Cir. 2006) (citation omitted). This means that Petitioner must establish a reasonable probability that, but for counsel's errors, he "would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To establish that he would have gone to trial, Petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). Alternatively, Petitioner may establish prejudice in a plea negotiation context by showing "a reasonable probability that, with proper advice, the outcome of those negotiations would have been different." *Rodriguez-Penton v. United States*, 905 F.3d 481, 489-90 (6th Cir. 2018). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Petitioner fails to establish the second prong of *Strickland* for these claims. Petitioner does not argue or establish that counsel did not attempt to learn the facts of the case or make a good faith estimate of a likely sentence. Nor does he show that, but for counsel's claimed errors, he would have gone to trial. The plea agreement included the Government agreeing to dismiss a count that carried a 25-year mandatory minimum sentence. It would not have been reasonable for Petitioner to reject the plea agreement and go to trial under these circumstances. Nor does Petitioner present any evidence that he would have been able to secure a more favorable plea agreement or that the Government was willing to offer a plea agreement for a lesser sentence. *See Rodriguez-Penton*, 905 F.3d at 488 (explaining that a defendant may demonstrate prejudice for failure to seek a better plea deal, among other ways, "by showing similar plea agreements that were reached by others charged with the same crime."). Petitioner's claims amount to

4

dissatisfaction with the sentence that he previously agreed to, which is insufficient to state any type of claim for relief in a Section 2255 motion.

2. Criminal-History Points

Petitioner's fourth argument is that his counsel provided ineffective assistance by failing to object to Paragraph 61 of the PSR, which awarded him two criminal-history points. The Sixth Circuit has recognized that "an attorney's failure to object to an error in the PSR's calculation of the guidelines—if left uncorrected by the district court—can be grounds for finding deficient performance." *Howard v. United States*, 743 F.3d 459, 464 (6th Cir. 2014).

The probation office awarded Petitioner two criminal history points in Paragraph 61 pursuant to U.S.S.G. § 4A1.1(d) for committing the instant offenses while on probation in Davidson County. This subsection of the guidelines directs a court to

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation ....

Petitioner asserts that the facts used to make this assessment are incorrect. However, according to Paragraph 58 of the PSR, four days before Petitioner committed the instant offenses his probation in Davidson County General Sessions Court from a July 2014 conviction of vandalism was extended by 11 months and 29 days. Based on the record, the Court is not convinced that Petitioner's counsel erred in not objecting to Paragraph 61. Without finding error, the Court cannot hold that counsel's failure to object to Paragraph 61 violated Petitioner's Sixth Amendment rights. *See Howard*, 743 F.3d at 464-67 (finding no deficient performance).

3. Advise of Appeal Options

Petitioner claims he did not file an appeal due to counsel misadvising him of his appeal options. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective

5

Case 3:18-cv-00093   Document 35   Filed 09/23/21   Page 5 of 7 PageID #: 314

assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). An attorney is *per se* ineffective if they disregard a defendant's express instructions to file an appeal. *See id*. Here it is undisputed that Petitioner did not expressly instruct counsel to file an appeal; but assuming, *arguendo*, Petitioner could show deficiency, he must also prove prejudice. In accordance with *Flores-Ortega*, the Court will presume prejudice if Petitioner can establish a reasonable probability "that, but for counsel's deficient performance, he would have appealed." *See Neill v. United States*, 937 F.3d 671, 677 (6th Cir. 2019) (quoting 528 U.S. at 471, 484).

"In determining whether a defendant has demonstrated that he would have taken an appeal had he not received unreasonable advice, [courts] must consider several factors specific to that defendant, including the likelihood of success in the appeal, the potential consequences the defendant would have faced had he pursued the appeal, and any underlying evidence of the defendant's state of mind at the time he decided not to appeal." *Id*. at 677–78 (citing *Lee v. United States*, 137 S. Ct. 1958, 1965-69 (2017)). In this case, Petitioner has not demonstrated that he would have appealed his sentence had he been given competent advice. There is nothing in the record that suggests Petitioner "wished to appeal for any reason other than the possibility of receiving a shortened sentence." *Id*. at 678. "Therefore, the predominant factor in [this Court's] analysis is the likelihood (as it would have appeared to [Petitioner] at the time he took his appeal decision) that he would have been better off had he appealed." *Id*. (citing *Lee* at 1965-66).

Here, Petitioner almost certainly would not have been better off. *See id*. During the evidentiary hearing on his Section 2255 motion, Petitioner testified that he wanted to appeal the sentencing enhancements, but that counsel had advised he could not appeal the sentence due to the plea agreement. If Petitioner had pursued his other claims concerning the sentencing enhancements on appeal, his likelihood of success would have been questionable at best, given the appeal waiver

6

in his plea agreement. "Further, and more pertinently, even if [Petitioner] were to succeed on this claim now, the record shows that there is a strong chance he would receive a lengthier—not shorter—sentence on remand." *Id*. This is because the Government would have reinstated the previously dismissed count against Petitioner that carried a 25-year mandatory minimum sentence. Therefore, not only is Petitioner's likelihood of success on appeal somewhat low, but even if he were to succeed on appeal, he also would have likely faced a harsher sentence than he originally received. According to the Sixth Circuit, "[t]hese are strong indicators that [Petitioner] would not have appealed had his counsel given him accurate information." *Id*. at 679.

The only evidence tending to show that Petitioner would have pursued an appeal is his own testimony provided during the evidentiary hearing on his Section 2255 motion. The Court does not find this evidence persuasive. The Sixth Circuit has emphasized that "rather than relying solely on 'post hoc assertions from a defendant' about what he would have done, [courts] must 'look to contemporaneous evidence to substantiate a defendant's expressed preferences[.]'" *See id*. (quoting *Lee*, 137 S. Ct. at 1967). As addressed above, the contemporaneous evidence in this case does not substantiate Petitioner's testimony at his evidentiary hearing. Accordingly, the Court finds that Petitioner has not demonstrated a reasonable probability that he would have appealed after he was sentenced had he received competent counsel.

### III. Conclusion

For the reasons set forth above, the Court concludes Petitioner's request for Section 2255 relief should be denied.

An appropriate order will enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE