**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ANDREE M. DENTLEY,** | ) | |
| | ) | **NO. 3:18-cv-00093** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **UNITED STATES OF AMERICA** | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Petitioner Andree Dentley's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). (Doc. No. 37). The Government filed a response (Doc. No. 39), and Petitioner filed a reply (Doc. No. 42). For the reasons stated herein, the Motion is **DENIED**.

Through the motion, Petitioner seeks relief from the Court's Order denying his *pro se* motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Memorandum and Order, Doc. Nos. 35, 36). Petitioner contends that relief from judgment is warranted because under *Johnson v. United States*, 576 U.S. 591 (2015), *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022), the offense of aiding and abetting Hobbs Act robbery is not a predicate crime of violence to sustain his conviction under 18 U.S.C. § 924(c), and that his 84-month sentence for this charge should, therefore, be vacated.

Petitioner pled guilty to Hobbs Act robbery. (*See* Case No. 3:15-cr-00061, Doc. No. 61, Order Accepting Plea of Guilty; Doc. No. 214, Third Amended Judgment). "There is no distinction between aiding and abetting the commission of a crime and committing the principal offense. Aiding and abetting is simply an alternative theory of liability indistinct from the substantive crime." *United States v. Richardson*, 948 F.3d 733, 741-42 (6th Cir. 2020) (citing *United States v.*

*McGee*, 529 F.3d 691, 695-96 (6th Cir. 2008)). In *United States v. Davis*, the Supreme Court held that a predicate offense qualifies as a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 588 U.S. 445, 449, 470 (2019). The Sixth Circuit determined that Hobbs Act robbery is a crime of violence applying this definition. *See United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017) (holding that Hobbs Act robbery constitutes a crime of violence because it requires "actual or threatened force, or violence, or fear of injury, immediate or future"). In *United States v. Taylor*, 596 U.S. 845 (2022), the Supreme Court held that *attempted* Hobbs Act robbery is not a crime of violence. Hobbs Act robbery – Petitioner's offense of conviction – remains a crime of violence.

Accordingly, Petitioner is not entitled to the relief requested and the motion for relief from judgment (Doc. No. 37) is **DENIED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE